UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
Jieying Pan,

Plaintiff,

-against-

Police Officer Livingston; Police Officer Luo,

Defendants.
----------------------------------------------------X

**ORDER**

25-CV-5895 (RER) (TAM)

**RAMÓN E. REYES, JR., District Judge:**

*Pro se* plaintiff Jieying Pan has filed a purported "Formal Administrative Complaint" addressed to Chief Judge Margo K. Brodie. (ECF No. 93). Because the relief Ms. Pan seeks, *e.g.*, reassignment of this case to another district and magistrate judge (*id.*), appears to be beyond the authority of the Chief Judge,[1] this Court will treat the application in the first instance. The application is denied in its entirety.

First, the Court will treat Ms. Pan's request to reassign this case to Chief Judge Brodie as a motion for recusal under 28 U.S.C. § 455. (*Id.* at 3-4). Recusal motions under 28 U.S.C. § 455 are ordinarily predicated on extrajudicial matters, not rulings in the case. *Liteky v. United States*, 510 U.S. 540, 550–51 (1994); *Chen v. Chen Qualified Settlement Fund*, 552 F.3d 218, 227 (2d Cir. 2009). Ms. Pan cites to no such extrajudicial matters. Rather, she relies on rulings in the case with which she is disappointed. Said rulings do not provide any basis for recusal. Further, to the extent Ms. Pan objects to Magistrate Judge Merkl overseeing non-dispositive pretrial matters (ECF No. 93 at 1-2), said objections are meritless. 28 U.S.C. § 636 authorizes United States magistrate judges to

[1] The authority of chief district judges does not appear to include the unilateral authority to reassign cases without the consent of the randomly assigned district judges. 28 U.S.C. §§ 136-37.

preside over non-dispositive pretrial civil matters even without the consent of the parties. Accordingly, this aspect of Pan's "motion" is denied.

Second, Ms. Pan's request for "an immediate administrative order directing the Clerk of Court to provide court-certified, professional Mandarin-English bilingual interpreters for all future proceedings pursuant to 28 U.S.C. § 1827 and federal disability mandates" is denied. (ECF No. 93 at 3-4). 28 U.S.C. § 1827 only applies to "proceedings instituted by the United States." Ms. Pan instituted this case, not the United States, and therefore 28 U.S.C. § 1827 does not apply. Further, there is nothing in the "federal disability mandates" that requires federal courts to provide interpreting services for limited English proficient civil litigants. Rather, federal courts are not required to provide interpretation services for civil litigants. Absent a change in the law, this Court will continue to provide free translation services via Language Line, through the voluntary generosity of the Eastern District Civil Litigation Fund.

Third, Pan's request that the Court "[r]estore the action to its full, uncompromised scope against all original 35 defendants from the October 20, 2025 complaint, vacate the illegal June 22, 2026 dismissal order (ECF 58), and enter a formal Default Judgment against municipal defendants pursuant to Fed. R. Civ. P. 55 for their fatal failure to answer the complaint on May 26, 2026" (ECF No. 93 at 4), is denied. This Court has previously ruled on the scope of Ms. Pan's claims (ECF No. 58) and will not now reverse that ruling. Pan's displeasure with the current scope of her case is not cause for review and reversal of the Court's prior rulings.

Finally, Ms. Pan's request that the Court "[f]ormally refer the 68-page criminal factual matrix (Doc. Nos. 47 & 48), evidence spoliation, and underground enterprise

allegations to the U.S. Department of Justice Civil Rights Division and the FBI for immediate federal criminal investigation" (ECF No. 93 at 4) is denied. Ms. Pan is free to present her "68-page criminal factual matrix" to the appropriate criminal investigative authorities, but this Court will not do so.

Accordingly, Ms. Pan's motion is denied in its entirety.

* * *

Finally, Ms. Pan is advised that further dilatory conduct and filing of what the Court considers to be frivolous motions will result in the dismissal of her case. Ms. Pan is advised to cooperate in discovery and adjudicate her remaining claims. Failure to do so may be fatal to her claims.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of the Court is respectfully requested to mail a copy of this Order to Ms. Pan and note such mailing on the docket.

SO ORDERED.

/s/ Ramón E. Reyes, Jr.

RAMÓN E. REYES, JR.
United States District Judge

Dated: November 13, 2026
Brooklyn, New York